# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3630 | **DATE** | 3/27/2013 |
| **CASE TITLE** | EZLinks Golf, Inc vs. Brown, et al. | | |

**DOCKET ENTRY TEXT**

GolfNow's motion to compel arbitration and dismiss, or in the alternative, to stay [20] is denied without prejudice.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

**Background**

EZLinks Golf, Inc. ("EZLinks") is a Delaware corporation with its headquarters in Chicago, Illinois. GolfNow, LLC ("GolfNow") is an Arizona company with its headquarters in Orlando, Florida. Michael J. Brown is a resident of Elmhurst, Illinois and former employee of EZLinks. Both EZLinks and GolfNow are engaged in the business of providing online tee time reservations and course selection bookings.

In 2009 EZLinks and GolfNow entered into a Software Interface Agreement (the "Agreement") whereby EZLinks would allow GolfNow limited access to its electronic tee sheet software so that GolfNow could search and make tee time reservations on approved golf courses. The Agreement required the parties to work together to configure an electronic interface in order to meet GolfNow's tee time business while protecting EZLinks' interests in protecting its ownership and distribution of its software. In particular, the agreement expressly provided that GolfNow would not use EZLinks' software or the interface for any unauthorized purposes and that GolfNow would not modify, produce a source listing, recompile, disassemble or otherwise reverse engineer or reverse compile EZLinks' software or the interface. Additionally, GolfNow was prohibited from providing access to EZLinks' software to any third party or copy the software except as reasonably necessary for backup or archival purposes.

On May 11, 2012, EZLink filed a complaint alleging that GolfNow and Brown illegally accessed proprietary information regarding EZLinks' software in violation of the Computer Fraud and Abuse Act, 18 USC § 1030, *et seq*., and the Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq*. EZLinks also alleged conversion, trespass, commercial disparagement, and conspiracy. GolfNow moves to compel arbitration and to dismiss EZLinks complaint or, in the alternative, to stay the case pending arbitration of EZLinks claims. For the following reasons, GolfNow's motion is denied without prejudice.

| STATEMENT |
|---|

**Legal Standard**

      Section 2 of the Federal Arbitration Act ("FAA") embodies both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract. *See Gore v. Alltel Communs., LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (citing *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745, 179 L. Ed. 2d 742 (2011). Accordingly, the FAA establishes that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. However arbitration is contractual by nature, therefore a party cannot be required to submit to arbitrate any dispute which he has not agreed to submit to arbitration. *Gore*, 666 F.3d at 1032. Section 3 of the FAA provides that a court must stay its proceedings and compel arbitration if it is satisfied that an issue before it is arbitrable under the parties' agreement. *See* 9 U.S.C. § 3. Section 4 of the FAA provides for orders compelling arbitration by a district court with authority to hear the matter.

**Discussion**

      GolfNow moves to compel arbitration and to dismiss EZLinks complaint or, in the alternative, to stay the case pending arbitration of EZLinks claims pursuant to Sections 3 and 4 of the FAA. Although the parties do not address whether this Court has the authority to compel arbitration, the Court must first address this threshold question prior to addressing the merits of GolfNow's motion. Section 4 of the FAA provides for orders compelling arbitration when one party fails or refuses to comply with an arbitration agreement. 9 U.S.C. § 4. However, the Seventh Circuit has held that a district court does not have authority under Section 4 of the FAA to compel arbitration in another district. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011). Here, the arbitration agreement includes a clause stating "if any dispute or difference of any kind (a "Dispute") shall arise out of or relate to this Agreement, the Parties shall attempt to settle such Dispute by mutual discussions, such Dispute shall be settled by binding arbitration conducted in Orlando, Florida." (GolfNow Mem., Dkt. 21, Ex. 1). When an arbitration clause in a contract includes a forum selection clause, only a district court in that forum can issue a Section 4 order compelling arbitration. *Haber v. Biomet, Inc*., 578 F.3d 553, 558 (7th Cir. 2009)**.** Otherwise, the clause of Section 4 mandating that the arbitration and the order to compel issue from the same district would be meaningless. *Id*.

      Because the parties agreed to arbitrate in Florida, this Court lacks the authority to compel arbitration in Florida. *See Smith v. ERJ Dining, LLC*, 2012 U.S. Dist. LEXIS 22408, at *4-5 (N.D. Ill. Feb. 10, 2012). If GolfNow wishes to pursue enforcement of the arbitration agreement, the proper procedure is for GolfNow to bring a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *See id; see also Faulkenberg*, 637 F.3d at 806 (holding that "a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district"). Alternatively, GolfNow may bring an action under Section 4 of the FAA in a district court in Orlando, Florida, which would have the authority to compel arbitration of EZLinks claims. If GolfNow decides to seek compulsion of arbitration in a Florida district court, it may then file a motion asking this Court to stay this case pending resolution of the arbitration issues in Florida. *See Faulkenberg*, 637 F.3d at 806. GolfNow's motion is therefore denied without prejudice.

| STATEMENT |
|---|
| **Conclusion**<br><br>      GolfNow's motion to compel arbitration and dismiss, or in the alternative, to stay is denied without prejudice. |