UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZLINKS GOLF, INC., <br> Plaintiff, | ) ) ) | Case No. 12-cv-3630 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| GOLFNOW, LLC f/k/a GOLFNOW, INC. and <br> MICHAEL J. BROWN, <br> Defendants. | ) ) ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants GolfNow, LLC ("GolfNow") and Michael J. Brown ("Brown") move to dismiss plaintiff EZLinks Golf, Inc.'s ("EZLinks") complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). For the following reasons, the defendants' motion is granted.

**Background**

EZLinks is a Delaware corporation with its headquarters in Chicago, Illinois. GolfNow is an Arizona company with its headquarters in Orlando, Florida. Brown is a resident of Elmhurst, Illinois and a former employee of EZLinks. Both EZLinks and GolfNow are engaged in the business of providing online tee time reservations and course selection bookings.

In 2009 EZLinks and GolfNow entered into a Software Interface Agreement (the "Agreement") whereby EZLinks allowed GolfNow limited access to its electronic tee sheet software so that GolfNow could search and make tee time reservations on approved golf courses. The Agreement required the parties to work together to configure an electronic interface in order to meet GolfNow's tee time business while preserving EZLinks' interests in protecting its ownership and distribution of its software. In particular, the Agreement expressly provided that GolfNow would not use EZLinks' software or the interface for any unauthorized purposes and that GolfNow would not modify, produce a source listing, recompile, disassemble or otherwise reverse engineer

1

EZLinks' software or the interface. Additionally, GolfNow was prohibited from providing access to EZLinks' software to any third party or copying the software except as reasonably necessary for backup or archival purposes. The Agreement contained an arbitration clause providing for arbitration in Orlando, Florida of "any dispute or difference of any kind" which may "arise out of or relate to" the Agreement. The Agreement also contained a choice of law provision providing that the Agreement "shall be governed by Florida law."

On May 11, 2012, EZLink filed a complaint alleging that GolfNow and Brown illegally accessed proprietary information regarding EZLinks' software in violation of the Computer Fraud and Abuse Act, 18 USC § 1030, *et seq*., and the Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq*. EZLinks also alleges state law claims of conversion, trespass, commercial disparagement, and conspiracy. GolfNow initially moved to compel arbitration and to dismiss EZLinks complaint or, in the alternative, to stay the case pending arbitration of EZLinks claims. However, where an arbitration agreement contains a forum selection clause, only a district court in that forum can issue an order compelling arbitration. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. Ill. 2011). Accordingly, this Court denied GolfNow's motion without prejudice noting that GolfNow could file a motion to dismiss for improper venue or, alternatively, bring an action under Section 4 of the Federal Arbitration Act ("FAA") in a district court in Florida having the authority to compel arbitration in that state, while requesting that this Court stay its proceedings. Presently before the Court is GolfNow's motion to dismiss EZLinks complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). For the following reasons, GolfNow's motion to dismiss is granted.

**Legal Standard**

Rule 12(b)(3) allows a party to move for dismissal of an action when it is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing that venue is proper. *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981).

When ruling upon a Rule 12(b)(3) motion, the Court takes all the allegations in the complaint as true, unless contradicted by an affidavit. *Nagel v. ADM Investor* Servs., Inc., 995 F. Supp. 837, 843 (N.D. Ill. 1998). The Court also resolves all factual disputes and draws all reasonable inferences in the plaintiff's favor. *Nagel*, 995 F. Supp. at 843. When venue is improper, the Court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a)

**Discussion**

After parties have signed an arbitration agreement, a court may only properly decide threshold questions of substantive arbitrability including: "(1) whether the parties are bound by a given arbitration agreement; and (2) whether an arbitration clause in a binding contract applies to a particular type of controversy." *Marzano v. Proficio Mortg. Ventures, LLC*, No. 12 C 7696, 2013 U.S. Dist. LEXIS 60108, at *10-13 (N.D. Ill. Apr. 25, 2013). The FAA requires that any doubts concerning the scope of arbitrable issues be resolved in favor of arbitration. *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999). Therefore, a court "may not deny a party's request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) (internal citations omitted). Where "the parties have adopted a broad arbitration clause, a court will compel arbitration unless there is forceful evidence that the parties intended to exclude their grievance from arbitration." *Ferenc v. Brenner*, No. 12 C 2071, 2013 U.S. Dist. LEXIS 23890, at *9 (N.D. Ill. Feb. 21, 2013).

In this case, the arbitration provision specifically provides that: "other than actions for specific performance or other equitable relief, if any dispute or difference of any kind (a 'Dispute') shall arise out of or related to this Agreement, the Parties shall attempt to settle such Dispute by

3

mutual discussions, such Dispute shall be settled by binding arbitration conducted in Orlando, Florida, in accordance with the rules then in effect of the American Arbitration Association." EZLinks does not contest the validity of the arbitration provision, but instead disputes whether the claims in this case fall within the scope of the arbitration provision.

GolfNow argues that EZLinks' claims are subject to arbitration because they "arise out of or relate to" the parties' Agreement. EZLinks argues that dismissal is improper because it never intended to subject its present claims to arbitration. To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 662 (7th Cir. 2002). However, once it is clear that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law. *Gore v. Alltel Communs., LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012).

In this case, the parties do not dispute the existence of a valid Agreement and arbitration clause. Furthermore, although EZLinks argues that it never intended for its claims to be subject to arbitration, under Florida law (which governs the parties' Agreement), the intent of the parties to a contract is manifested in the plain language of the arbitration provision and contract itself. *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013). Contrary to EZLinks' contention that its claims have no connection to the Agreement, the plain language of the parties' contract provides for the arbitration of all disputes that arise out of or relate to the Agreement. Obligations created by the parties' unique contractual relationship in the Agreement is precisely what is at issue in EZLinks' complaint. In order to determine whether GolfNow illegally accessed EZLinks' software, a court must refer to and interpret the scope of GolfNow's permissible access as provided by the specific terms of the Agreement. Because it is clear that the parties have a valid contract that provides for the arbitration of at least some issues between them, the disputed scope of the

4

arbitration clause is resolved in favor of arbitration. *See id.* Accordingly, Counts I-VI are all dismissed for improper venue.

The parties also dispute whether Brown, a non-signatory to the parties' Agreement, can be bound by the arbitration clause. GolfNow argues that Brown can properly be required to arbitrate because EZLinks claims against Brown are grounded in or intertwined with the arbitrable claims EZLinks asserts against GolfNow. EZLinks asserts that its claims against Brown are independent of its contract with GolfNow.

The mere fact that a party is not a signatory to an agreement does not defeat the right to compel arbitration. *Field Sys. Machining, Inc. v. Vestas-American Wind Tech., Inc.*, No. 13-cv-301, 2013 U.S. Dist. LEXIS 66427, at *10 (N.D. Ill. May 9, 2013). An agreement containing an arbitration clause may cover non-signatories under common-law contract and agency principles. When a signatory raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract, estoppel may apply. *Id.* Despite EZLinks' arguments to the contrary, EZLinks does in fact allege interdependent or concerted misconduct by Brown and GolfNow. EZLinks alleges that Brown, a former EZLinks employee, acted together with GolfNow to illegally access its proprietary software. This Court finds EZLinks claims against Brown substantially interdependent with its claims against GolfNow such that arbitration against Brown is appropriate. Accordingly, all claims against Brown are properly dismissed.

**Conclusion**

For the foregoing reasons, GolfNow's motion to dismiss for improper venue is granted.

IT IS SO ORDERED.

August 7, 2013

_____
Sharon Johnson Coleman
United States District Judge

5